McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-MC-00152-KJM-EFB |
| Plaintiff, | |
| v. | |
| APPROXIMATELY $37,719.00 IN U.S. CURRENCY, | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $96,409.27 SEIZED FROM CHASE BANK ACCOUNT NUMBER 105589805, HELD IN THE NAME OF MEDITERRANEAN MARKET, and | |
| APPROXIMATELY $18,623.98 SEIZED FROM GOLDEN ONE CREDIT UNION ACCOUNT NUMBER 1290544, HELD IN THE NAMES OF BASSAM ADEEB ABUGHAZALEH AND SAHAR ABUGHAZALEH, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 27, 2017, agents with the United States Secret Service ("USSS") executed Federal seizure warrants in Sacramento, California and Westerville, Ohio on accounts held in the name of Mediterranean Market.  Approximately $37,719.00 in U.S. Currency, Approximately $96,409.27 seized from Chase Bank Account Number 105589805, held in the name of Mediterranean Market and Approximately $18,623.98 seized from Golden One Credit Union, Account Number 1290544,  held in

the names of Bassam Adeeb Abughazaleh and Sahar Abughazaleh (hereafter "defendant assets") were seized.

2. The USSS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 18, 2017, the USSS received claims from Bassam Adeeb Abughazaleh, Sahar Abughazaleh, and Kayed Bouri ("Bouri") asserting ownership interests in the defendant assets.

3. The United States represents that it could show at a forfeiture trial that the seizures in this case stem from an investigation and the execution of federal search and seizure warrants at a store affiliated/associated with the potential claimants. The investigation focused on the store's application and use of a program known as the Supplemental Nutrition Assistance Program (SNAP) (formerly the Food Stamp Program). In general, the Food and Nutrition Service (FNS) authorizes certain retail stores in California to accept SNAP benefits for eligible food items from authorized recipients via an Electronic Benefit Transfer (EBT) system. EBT is an electronic system by which SNAP benefits and/or State public assistance are issued to benefit recipients through a plastic card and used at point-of-sale (POS) terminals located within a retail store authorized to accept SNAP benefits. Each EBT card has a magnetic strip containing electronically coded information regarding the account to which it pertains, including the recipient's information and the amount of benefits to which he or she is entitled. The United States alleges that from January 2011 to March of 2017, Mediterranean Market received at least $2.6 million in fraudulently-obtained SNAP benefits with more than $511,385.52 in fraudulent transactions from September 2015 through March 2017, just prior to the search.

4. The United States represents that it could further show at a forfeiture trial that on April 27, 2017, agents executed a Federal search warrant at 1547 Fulton Avenue, Suite B, the place of business for Mediterranean Market, and found $37,719.00 in U.S. Currency in a safe in the back room. During the search, Bouri explained the funds represented the cash transactions of Mediterranean Market and were eventually going to be deposited at the bank. The United States alleges that Bouri acknowledged conducting and exchanging SNAP benefits transactions for cash with approximately a dozen Mediterranean Market customers and he utilized the cash register money to facilitate and complete the SNAP transactions.

5. The United States represents that it could further show at a forfeiture trial that the defendant assets are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) for violations of 7 U.S.C. § 2024 (Food Stamp Fraud) and 18.U.S.C. § 1343 (Wire Fraud).

6. Without admitting the truth of the factual assertions contained in this stipulation, and claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of certain of the defendant assets. Bassam Adeeb Abughazaleh, Sahar Abughazaleh, and Kayed Bouri hereby acknowledge that they are the sole owners of the defendant assets, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant assets, claimants shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which some of the defendant assets were seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of the Consent Judgment of Forfeiture, all of the Approximately $37,719.00 in U.S. Currency and 56,409.27 of the Approximately $96,409.27 seized from Chase Bank Account Number 105589805, held in the name of Mediterranean Market, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

12. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $20,000.00 of the Approximately $96,409.27 seized from Chase Bank Account Number 105589805,

held in the name of Mediterranean Market, shall be returned to claimants Bassam Adeeb Abughazaleh and Sahar Abughazaleh through their attorney Kelly Babineau.  Furthermore, the asset known as Approximately $18,623.98 seized from Golden One Credit Union, Account Number 1290544, held in the names of Bassam Adeeb Abughazaleh and Sahar Abughazaleh, shall be returned to the claimants through their attorney Kelly Babineau,

13. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $20,000.00 of the Approximately $96,409.27 seized from Chase Bank Account Number 105589805, held in the name of Mediterranean Market, shall be returned to claimant Kayed Bouri through his attorney David D. Fischer.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant assets.

IT IS SO ORDERED.

DATED:  April 12, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE